IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHINTAMANI MUEBLAS-CURTIS, §
§
Plaintiff, §
§
VS. § Civil Action No. 3:25-CV-1201-D
§
AMERICAN AIRLINES, INC, §
§
Defendant. §

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Chintamani Mueblas-Curtis ("Mueblas-Curtis") against defendant American Airlines, Inc. ("American") asserting federal- and state-law discrimination claims, American moves to transfer under 28 U.S.C. § 1404(a) to the Fort Worth Division of this court. Concluding that American has failed to satisfy its significant burden to show that the Fort Worth Division is clearly more convenient than the Dallas Division, the venue chosen by Mueblas-Curtis, the court denies the motion.

I

Considering the nature of Mueblas-Curtis' motion, the court need not set out the general background facts at length. Mueblas-Curtis began working for American as a Premium Guest Services Representative in May 2019. Mueblas-Curtis alleges that, during the next four years of employment, she was a commendable employee in the face of injuries, aggressive coworkers, and mistreatment by management. In October 2023, while working her regularly scheduled shift and a voluntary shift, Mueblas-Curtis made unauthorized use

of a dental kit that belonged to American and was intended for distribution to premium passengers. Mueblas-Curtis and American agree that this led to her termination. Mueblas-Curtis maintains that the firing was surprising, because the manager who terminated her employment had only issued warnings to other employees for similar conduct.

In 2025 Mueblas-Curtis filed this lawsuit in the Dallas Division of this court, alleging federal- and state-law discrimination claims. American responded by filing a partial motion to dismiss and a motion to transfer the case to the Fort Worth Division under § 1404(a). The court is deciding motion to transfer, which Mueblas-Curtis opposes, on the briefs, without oral argument.[1]

## II

## A

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Bank One, N.A. v. Euro-Alamo Invs., Inc.*, 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citing *Stabler v. N.Y. Times Co.*, 569 F. Supp. 1131, 1137 (S.D. Tex. 1983)). "The court cannot transfer a case where the result is merely to shift the inconvenience of the venue from one party to the other."

---

[1]The court will decide the July 18, 2025 partial motion to dismiss in due course.

*Sivertson v. Clinton*, 2011 WL 4100958, at *3 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (citing *Fowler v. Broussard*, 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.)).

As a preliminary question, the court must decide "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). If the claim could have been filed in the movant's desired district, the court then looks to party convenience, which "turns on a number of private and public interest factors, none of which are given dispositive weight." *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

Under these factors, the moving party bears "the burden of proving by a preponderance of the evidence that transfer is appropriate." *Bank One, N.A.*, 211 F.Supp.2d at 812 (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)). "Where there is no demonstration by the movant, let alone a clear one, the [district] court cannot weigh a factor against the non-movant and in favor of transfer." *Def. Distributed v. Bruck*, 30 F.4th 414, 434 (5th Cir. 2022).

> The plaintiff's choice of venue is . . . entitled to deference, and therefore the party seeking transfer has the burden to show good cause for the transfer. The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff."

*AT&T Intellectual Prop. I, L.P. v. Airbiquity Inc.*, 2009 WL 774350, at *1 (N.D. Tex. Mar. 24, 2009) (Lynn, J.) (footnotes omitted) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc)).

B

Before considering the private and public interest factors, the court must determine whether this suit could have been brought originally in the Fort Worth Division. Because there is evidence that the alleged discriminatory conduct took place within the Fort Worth Division, venue would be proper there, and this requirement is met. *See* 42 U.S.C. § 2000e-5(f)(3); 28 U.S.C. § 1391(b).

C

The court now turns to the private interest factors.

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

American relies heavily on the convenience factor, asserting that its relevant documents are located in its headquarters, which are situated in the Fort Worth Division. Mueblas-Curtis responds that this is a non-issue because the use of electronic records negates any argument that there would be difficulties transporting the relevant sources of proof.

- 4 -

Although the use of electronic records does not eliminate the inconvenience suffered by corporations in producing documentation in divisions located away from their headquarters, this inconvenience has become "less influential due to advances in copying technology and information storage." *Sargent v. Sun Tr. Bank*, N.A., 2004 WL 1630081, at *4 (N.D. Tex. July 20, 2004) (Fitzwater, J.) (citing *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 778 (E.D. Tex. 2000)).  American has failed to counter with support for its assertion that transportation of documents from the Fort Worth Division to the Dallas Division would be burdensome.  Without evidence demonstrating why transporting information from the Fort Worth Division to the Dallas Division would be burdensome, this factor, which considers the relative ease of access to sources of proof access, leans only slightly in favor of transfer.

American asserts that the remaining private factors are neutral.  It acknowledges that the availability of compulsory process is neutral to both parties, considering that all witnesses worked at American within the Fort Worth Division and likely live within a 100-mile range of either division.  American similarly acknowledges that the cost of attendance for willing witnesses is a neutral factor.  And it acknowledges that because no substantive proceedings have been held, neither party would be prejudiced by a transfer.

D

The court turns next to the public interest factors.

> The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the

- 5 -

> avoidance of unnecessary problems of conflict of laws of the
> application of foreign law.

*Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co.*, 454 U.S. at 241 n.6).

The court finds that each factor is neutral. American acknowledges that considerations of administrative difficulties due to court congestion, better familiarity with the law governing the case, and avoidance of conflict of laws are all neutral toward choosing either the Dallas Division or the Fort Worth Division. American focuses instead on local interest, asserting that "'[m]atters should be litigated in the division where they occur, unless some good reasons exist for them to be litigated elsewhere.'" D. Mot. to Transfer (ECF No. 7) 6 (citing *Gurley v. Am. Airlines, Inc.*, No. 3:04-CV01488-L, order at 5 (N.D. Tex. Dec. 23, 2004) (Lindsay, J.)).[2] DFW International Airport is located in both the Dallas and Fort Worth Divisions. Mueblas-Curtis does not contest that the terminal where she and all the potential witnesses worked, or that the American headquarters where all employment documentation is stored, is within the Fort Worth Division. Therefore, the Fort Worth Division has a local interest in having localized interests decided at home that the Dallas Division does not have.

Rather than denying the Fort Worth Division's local interest, Mueblas-Curtis has established that the Dallas Division also has an interest in this suit, specifically, in protecting its residents from discrimination. Mueblas-Curtis asserts that she suffered "mental anguish

---

[2]*Gurley* is distinguishable because, in that case, the plaintiff resided in Tarrant County, which is within the Fort Worth Division, and therefore faced the effects of discrimination within the Fort Worth Division rather than the Dallas Division.

. . . at home." P. Resp. (ECF No. 13) 3.[3]  Therefore, while the discrimination that Mueblas-Curtis allegedly faced occurred in the Fort Worth, the effects of the discrimination occurred in the Dallas Division as well.[4]  Viewed in tandem, these competing local interests make this factor neutral.  *See Kirk v. Our Cmty. Our Kids*, 2025 WL 2432614, at *3 (N.D. Tex. Aug. 22, 2025) (Fitzwater, J.); *see also Seeberger Enters., Inc. v. Mike Thompson Recreational Vehicles, Inc.*, 502 F.Supp.2d 531, 541 (W.D. Tex. 2007) ("[T]he Court finds that both California and Texas have an interest in the resolution of claims involving local residents and businesses."); *Ramirez v. Plains All Am. GP*, *LLC*, 2022 WL 607879, at *7 (W.D. Tex. Mar. 1, 2022) (finding the local interest factor neutral when, "[w]hile the citizens in the Midland Division have an interest in ensuring their businesses do not discriminate against their employees on prohibited grounds, simultaneously the citizens of the Pecos Division possess a contradistinctive interest in preventing discrimination against their residents by Midland- or Houston-based businesses[.]").

---

[3]Mueblas-Curtis also asserts that a majority of the Board of Directors of the Dallas Fort Worth International Airport are members of the Dallas City Council, reflecting the city's ownership interest in the airport, and establishing Dallas' interest in the case.  This argument, even if accorded weight, does not rise to the level necessary to neutralize the Fort Worth Division's interest.

[4]American cites *Clark v. American Airlines, Inc.* for the premise that the location of the plaintiff's residence is not enough interest to nullify the one that the Fort Worth Division has in deciding matters dealing with employers and actions that occur within its boundaries. *Clark v. Am. Airlines, Inc.*, 2019 WL 3006545, at *5 (N.D. Tex. July 9, 2019) (Ramirez, J.). Here, however, American has not presented evidence that its possible witnesses reside in the Fort Worth Division, only that they worked in the Fort Worth Division.  Further, the plaintiffs in *Clark* did not, as here, advance the argument that the City of Dallas had an interest in its citizens being protected from discrimination.

American has only shown that one private interest factor—the ease of access to sources of proof—weighs slightly in favor of transfer.  It has been unable to prove that the remaining private and public interest factors are anything but neutral.  American has therefore failed to satisfy its burden to show that the Fort Worth Division is a clearly more convenient venue than the Dallas Division.

*    *    *

For the reasons explained, the court denies American's motion to transfer venue to the Fort Worth Division.

**SO ORDERED**.

September 29, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE