IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHINTAMANI MUEBLAS-CURTIS,           §
                                     §
              Plaintiff,             §
                                     §
VS.                                  §    Civil Action No. 3:25-CV-1201-D
                                     §
AMERICAN AIRLINES, INC.,             §
                                     §
              Defendant.             §

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Chintamani Mueblas-Curtis ("Mueblas-Curtis") against her

former employer, defendant American Airlines, Inc. ("American"), alleging claims for

discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

§ 2000e *et seq.* and for retaliation under Tex. Lab. Code Ann. § 451.001, American moves

for summary judgment.  For the reasons that follow, the court grants American's motion and

dismisses this action with prejudice.

I

Mueblas-Curtis, a 45-year-old Asian female, began working for American as a

Premium Guest Services Representative ("PGSR") at the DFW International Airport in May

2019.[1]  As a PGSR, Mueblas-Curtis was responsible for servicing American's premium

---

[1]In recounting the factual background, the court summarizes the evidence in the light most favorable to Mueblas-Curtis as the summary judgment nonmovant and draws all reasonable inferences in her favor. *E.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

guests in clubs and lounges and assisting them with transportation to their gates or with access to the amenities that come with premium guest club access, including food, drinks, showers, and other amenities.

Under American's Rules of Conduct, to which Mueblas-Curtis had access during her employment, "the removal or borrowing of Company property without permission is prohibited." D. App. (ECF No. 31) at 10. In addition, the Rules of Conduct state that "[d]ishonesty of any kind in relation with the Company, such as theft or pilferage of Company property . . . will be grounds for dismissal." *Id.*

On October 4, 2023 Mueblas-Curtis worked her regular shift followed by a voluntary 6.5 hour shift. She took a break between shifts to eat and have coffee. Before her second shift, Mueblas-Curtis stopped by the B Terminal Admirals Club ("Admirals Club") to get a single use toothbrush kit (valued at about one dollar) to use to brush her teeth before meeting guests. Another American employee observed Mueblas-Curtis take the dental kit and reported this conduct to Mueblas-Curtis' supervising manager, Caleb Kelley Richards ("Richards").

Richards contacted his manager, Veronda Butler ("Butler"), who told Richards that Mueblas-Curtis' conduct could be theft and that Richards needed to conduct an investigation. Accordingly, Richards interviewed three PGSRs, who verified that they had witnessed Mueblas-Curtis take the dental amenity kit. Richards then consulted with Kerrian Palmer ("Palmer"), a Human Resources representative for American, who advised that taking the dental amenity kit could be theft, that Richards should interview Mueblas-Curtis to get her

- 2 -

side of what happened, and that if Mueblas-Curtis admitted taking the amenity kit, she should be withheld from service with pay so that a decision could be made about discipline.

On October 14, 2023 Richards interviewed Mueblas-Curtis. During this interview, Mueblas-Curtis admitted taking a dental amenity kit from the Admirals Club for personal use. Based on the guidance provided by Butler and Palmer, Richards concluded that Mueblas-Curtis' taking of the dental amenity kit without permission constituted theft and violated American's Rules of Conduct related to theft and unauthorized removal of company property. Accordingly, Richards decided to terminate Mueblas-Curtis' employment.

American terminated Meublas-Curtis' employment on October 24, 2023. Mueblas-Curtis then filed a charge of discrimination with the Equal Employment Opportunity Commission. After she received her right to sue letter, Mueblas-Curtis filed the instant lawsuit alleging claims for discrimination, under Title VII, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*., and the ADA Amendments Act of 2008 ("ADAAA"), and retaliation, under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*., and Tex. Lab. Code Ann. § 451.001.

In *Mueblas-Curtis v. Am. Airlines, Inc* (*Mueblas-Curtis I*), 2025 WL 3022852 (N.D. Tex. Oct. 29, 2025) (Fitzwater, J), the court dismissed Mueblas-Curtis' Title VII-based hostile work environment claim due to her failure to timely exhaust administrative remedies, *id.* at *5, and dismissed her claims under the ADEA, ADAAA, and FMLA for failure to state

a claim on which relief could be granted, *id.* at *8-9.[2]  In dismissing these claims, the court

granted Mueblas-Curtis leave to replead them,[3] but she did not filed an amended complaint.

American now moves for summary judgment on Mueblas-Curtis' remaining claims,

i.e., for discrimination under Title VII and for retaliation under Tex. Lab. Code Ann.

§ 451.001.  Mueblas-Curtis opposes American's motion, which the court is deciding on the

briefs, without oral argument.

II

When a summary judgment movant will not have the burden of proof on a claim at

trial, it can obtain summary judgment by pointing to the absence of evidence on any essential

element of the nonmovant's claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party does so, the nonmovant must go beyond her pleadings and

designate specific facts to demonstrate that there is a genuine issue of material fact for trial.

*See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per

curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[2]The court denied American's motion to dismiss with respect to Mueblas-Curtis' Title VII discrimination claim, holding that Mueblas-Curtis had plausibly alleged, at the pleading stage, that another similarly-situated employee who was not a member of Mueblas-Curtis' protected class had been treated more favorably under nearly identical circumstances. *Mueblas-Curtis I*, 2025 WL 3022852, at *7.

[3]The court did not grant Mueblas-Curtis leave to replead her hostile work environment claim under Title VII because Mueblas-Curtis failed to exhaust this claim and "cannot cure this failure no matter how many more tries she is given to replead [it]." *Mueblas-Curtis I*, 2025 WL 3022852, at *10

The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial. *TruGreen LandCare, L.L.C. v. Scott*, 512 F.Supp. 2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

## III

The court begins with Mueblas-Curtis' claim for race, sex, color, and national origin discrimination under Title VII.

## A

Under Title VII, it is unlawful for an employer "to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, . . . sex, or national origin." 42 U.S.C. § 2000e-2. When a plaintiff does not present direct evidence of discrimination, the court analyzes the claim using the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

As modified, the *McDonnell Douglas* framework consists of three stages. First, Mueblas-Curtis must establish a prima facie case of discrimination, which "creates a presumption that [American] unlawfully discriminated against [her]." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). The prima facie showing for a claim of discrimination under Title VII requires that she produce evidence to show that

> (1) [s]he is a member of a protected class, (2) [s]he was qualified for the position at issue, (3) [s]he was the subject of an adverse employment action, and (4) [s]he was treated less favorably . . . than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (citing *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005) (per curiam)).

Second, if Mueblas-Curtis establishes a prima facie case, the burden of production shifts to American to articulate a legitimate, nondiscriminatory reason for the employment action taken against her. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993). American's burden is one of production, not proof, and involves no credibility assessments. *See, e.g.*, *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003).

Third, if American meets its production burden, Mueblas-Curtis may prove intentional discrimination by proceeding under one of two alternatives: the pretext alternative or the mixed-motives alternative. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (age discrimination case); *see also Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011) (Title VII race discrimination case). Under the pretext alternative, Mueblas-Curtis must "offer sufficient evidence to create a genuine issue of material fact . . . that [American's] reason is not true, but is instead a pretext for discrimination[.]" *Rachid*, 376 F.3d at 312 (citation omitted). Under the mixed-motives alternative, Mueblas-Curtis must offer sufficient evidence to create a genuine factual issue concerning whether American's "reason, while true, is only one of the reasons for its conduct, and another motivating factor

is [Mueblas-Curtis'] protected characteristic[.]" *Id*. (citation and internal quotation marks omitted). Mueblas-Curtis only contends that American's proffered reason for her termination was "pretextual." P. Br. (ECF No. 37) at 1. She does not assert a mixed-motives theory.

"Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (alteration in original) (quoting *Burdine*, 450 U.S. at 253).

B

American moves for summary judgment on the ground that Mueblas-Curtis cannot establish the fourth element of her prima facie case, i.e., that a similarly-situated employee outside her protected class was treated more favorably than she was. Because the court holds below that Mueblas-Curtis has failed to meet her burden to create a genuine issue of material fact on the issue of pretext, it will assume *arguendo* that Mueblas-Curtis has established a prima facie case. *See, e.g.*, *Barnard v. L-3 Commc'ns Integrated Sys. L.P.*, 2017 WL 3726764, at *8 (N.D. Tex. Aug. 30, 2017) (Fitzwater, J.) (assuming *arguendo* that plaintiff had established prima facie case where plaintiff failed to meet her burden to create genuine issue of material fact on issue of pretext); *Wooten v. Fed. Express Corp.*, 2007 WL 63609, at *12 (N.D. Tex. Jan. 9, 2007) (Fitzwater, J.) ("[E]stablishing a prima facie case is not onerous[.]"), *aff'd*, 325 Fed. Appx. 297 (5th Cir. 2009).

IV

The court now turns to the second stage and determines whether American has met its burden to produce evidence that it had a legitimate, nondiscriminatory reason for terminating Mueblas-Curtis' employment. American produces evidence that it terminated Mueblas-Curtis' employment because she violated American's policies related to theft and unauthorized use of company property. "Violation of company policy is a legitimate, nondiscriminatory reason for termination." *Harris v. Dall. Cnty. Hosp. Dist.*, 2016 WL 2914847, at *10 (N.D. Tex. May 19, 2016) (Fitzwater, J.) (citing *Mendez v. Dollar Tree Stores, Inc.*, 114 Fed. Appx. 149 (5th Cir. 2004) (per curiam)).

V

Because American has met its burden of production, the burden now shifts back to Mueblas-Curtis to produce evidence that would enable a reasonable jury to find that American's proffered reason was a pretext for race, color, sex, or national origin discrimination.

In her summary judgment response, Mueblas-Curtis contends that American's proffered reason for her termination is "false." P. Br. (ECF No. 37) at 7. She cites the deposition testimony of four American PGSRs—Kimberly LeDeatte, Amitra Barrett, Yvette Lopez ("Lopez"), and Franklin Katunda—who testified that it was a common and accepted practice to use the personal hygiene products available in the Admirals Club and that at least ten other managers allowed use of the toothbrush kit, arguing that "[t]his shows that [Richards] made up his own unwritten rule prohibiting use of the toothbrush without any

- 8 -

authority to do so in order to fire [her]." *Id.* at 10. Mueblas-Curtis then cites "circumstantial evidence" that she contends "suggest[s] a discrimination motive," *id.* at 12, including that a Black employee was disciplined for not showing up in her work area while a White employee was permitted to "steal" company time by doing her homework while signed in to work at American; a Latino employee was permitted to play games on his computer while he was at work and was never disciplined, and Lopez believed that "the only employees that are being terminated are the minorities," *id.* at 14 (italic font omitted).

Mueblas-Curtis has not produced sufficient evidence for a reasonable trier of fact to find that American's proffered reason for her termination was pretextual. The focus of the pretext inquiry is not whether Mueblas-Curtis' conduct actually violated American's Rules of Conduct but whether American "reasonably believed its non-discriminatory reason for discharging [Mueblas-Curtis] and then acted on that basis." *Kitchen v. BASF*, 952 F.3d 247, 253 (5th Cir. 2020) (citing *Waggoner v. City of Garland*, 987 F.2d 1160, 1165-66 (5th Cir. 1993)). Mueblas-Curtis does not dispute that American's Rules of Conduct prohibit taking company property without permission, or that she, in fact, took the disposable dental kit without obtaining permission. She instead focuses her arguments on whether the Rules of Conduct have historically been interpreted to prohibit the taking of a toothbrush from the Admirals Club. But this argument fails because Mueblas-Curtis has provided no evidence that Richards did not *actually believe* that her conduct violated American's Rules of Conduct. Nor does she dispute that at least two other individuals at American—Butler and Palmer—told Richards that taking the toothbrush could be theft. Without "evidence to

- 9 -

suggest that [American] used this incident as cover for a motivation to terminate [Mueblas-Curtis] for her [race, color, sex, or national origin], no reasonable jury could infer pretext." *Moore v. Macy's Retail Holdings, Inc.*, 2019 WL 1979363, at *2 (N.D. Tex. May 3, 2019) (Godbey, J.).

Moreover, "[t]he ultimate question is whether the employer intentionally discriminated, and proof that 'the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason is . . . correct.'" *Reeves*, 530 U.S. at 146-47 (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 524). "In other words, '[i]t is not enough . . . to *dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination.'" *Id*. at 147 (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 519). Aside from the fact that other PGSRs used the disposable dental kits in the Admirals Club without being terminated and managers other than Richards allowed employees to use the toothbrush kits, Mueblas-Curtis has presented no evidence that would enable a reasonable jury to find that American's reason is not true, but is instead a pretext for discrimination. Accordingly, the court grants American's motion for summary judgment on this claim.[4]

---

[4]Mueblas-Curtis filed on April 15, 2026 a motion for leave to serve expert designation out of time, in which she seeks to designate her treating therapist as an expert witness after the deadline established in the scheduling order. Because the court is granting summary judgment dismissing all of Mueblas-Curtis' remaining claims, it denies this motion as moot.

VI

American moves for summary judgment on Mueblas-Curtis' retaliation claim brought under Tex. Lab. Code Ann. § 451.001.  Mueblas-Curtis has not responded to this ground of American's motion.  Although her failure to respond does not permit the court to enter a "default" summary judgment, *see, e.g.*, *Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).  Moreover,

> [i]f a party fails . . .  to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

Because American has pointed to the absence of evidence in support of Mueblas-Curtis' worker's compensation retaliation claim and Mueblas-Curtis has not, in turn, produced evidence in response to the motion, American is entitled to summary judgment dismissing this claim with prejudice.

* * *

For the reasons explained, the court grants summary judgment in favor of American on Mueblas-Curtis' claims under Title VII and Tex. Lab. Code Ann. § 451.001 and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

June 18, 2026.


_____
SIDNEY A. FITZWATER
SENIOR JUDGE