IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHINTAMANI MUEBLAS-CURTIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-1201-D |
| | § | |
| AMERICAN AIRLINES, INC. | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Chintamani Mueblas-Curtis ("Mueblas-Curtis"), now proceeding *pro se*, moves in a consolidated motion for relief from judgment under Fed. R. Civ. P. 60(b)(2) and 60(b)(3), or, alternatively, for an indicative ruling under Rule 62.1. For the reasons that follow, the court denies the motion.

I

The court assumes the parties' familiarity with its memorandum opinions and orders in *Mueblas-Curtis v. Am. Airlines, Inc.* (*Mueblas-Curtis I*), 2025 WL 3022852 (N.D. Tex. Oct. 29, 2025) (Fitzwater, J), and *Mueblas-Curtis v. Am. Airlines, Inc.* (*Mueblas-Curtis II*), 2026 WL 1761088 (N.D. Tex. June 18, 2026). Mueblas-Curtis, a 45-year-old Asian female, was terminated by her then-employer, defendant American Airlines, Inc. ("American"), for using a dental amenity kit without permission, which American determined constituted theft and violated American's rules of conduct related to theft and unauthorized removal of company property. Mueblas-Curtis sued American, alleging claims for discrimination, under

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the ADA Amendments Act of 2008 ("ADAAA"), and retaliation, under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Tex. Lab. Code Ann. § 451.001.

In *Mueblas-Curtis I* the court dismissed Mueblas-Curtis' Title VII-based hostile work environment claim based on her failure to timely exhaust administrative remedies, *Mueblas-Curtis I*, 2025 WL 3022852, at *5, and dismissed her claims under the ADEA, ADAAA, and FMLA for failure to state a claim on which relief could be granted, *id*. at *8-9. In *Mueblas-Curtis II* the court granted American's motion for summary judgment on Mueblas-Curtis' remaining claims, i.e., her claims for discrimination under Title VII and retaliation under Tex. Lab. Code Ann. § 451.001. *Mueblas-Curtis II*, 2026 WL 1761088, at *5.

On July 15, 2026 Mueblas-Curtis filed a notice of appeal.[1] Proceeding *pro se*, she then filed a letter and cover letter requesting that the court reconsider its ruling dismissing this case on a motion for summary judgment. The court treated the letter and cover letter as a motion under Rule 60(b) and denied it. Mueblas-Curtis has now filed the instant consolidated motion, which seeks relief under Rule 60(b)(2) and 60(b)(3) or, in the alternative, for an indicative ruling under Rule 62.1. American opposes Mueblas-Curtis' motion,[2] which the court is deciding on the briefs, without oral argument.

---

[1]Her appeal remains pending.

[2]Mueblas-Curtis filed her motion on September 8, 2026. American filed its response on September 29, 2026. Mueblas-Curtis' reply, had she opted to file one, was due on

II

The court begins with Mueblas-Curtis' motion for relief from judgment pursuant to Rule 60(b)(2) and 60(b)(3).

A

Under Rule 60(b)(2) the court can relieve a party from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." To succeed on a Rule 60(b)(2) motion for relief from judgment based on newly discovered evidence, "a movant must demonstrate: (1) that [she] exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)). "The movant must strictly satisfy these requirements." *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 418 (5th Cir. 2018) (quotation marks omitted).

Mueblas-Curtis has not satisfied her burden under Rule 60(b)(2). As far as the court can tell, the only newly-discovered evidence on which Mueblas-Curtis relies is a September 3, 2026 text message that she exchanged with Charles Morris ("Morris"), the former Food and Beverage Manager for HMSHost, in which Morris provided the following statement in

October 13, 2026. *See* N.D. Tex. Civ. R. 7.1(f) ("Unless otherwise directed by the presiding judge, a party who has filed an opposed motion may file a reply brief within 14 days from the date the response is filed."). Because the time to file a reply has expired, Mueblas-Curtis' motion is ripe for decision.

response to Mueblas-Curtis' request for a brief statement regarding the contract arrangement between HMSHost and American Airlines: "HMS purchased the food and American Airlines reconciled them." P. Br. (ECF No. 57) at Ex. N (some capitalization omitted). Mueblas-Curtis contends that she could not have presented this evidence to the court before judgment because it did not yet exist in her possession.

Setting aside any admissibility issues with respect to Morris' statement, Mueblas-Curtis provides no explanation for why, with reasonable diligence, she could not have obtained the statement earlier. The court therefore declines to grant relief from the judgment under Rule 60(b)(2).

B

Mueblas-Curtis next contends that she has identified material representations in the record that appear inconsistent with contemporaneous evidence, including: the characterization of Perkovic's food as vendor-owned, the explanation concerning the timing and application of the food policy, the assertion that Perkovic's conduct occurred under a materially different policy, the later explanation that the food was about to be discarded, the contemporaneous disciplinary letter treating Perkovic's conduct as an American Airlines policy violation, the characterization of Mueblas-Curtis' dental-kit use as theft, despite evidence of longstanding employee use, and the substantially different disciplinary outcomes. She contends that these identified contradictions warrant examination under the Rule 60(b)(3) standard.

Under Rule 60(b)(3) the court can relieve a party from a final judgment based on

fraud, misrepresentation, or misconduct by an opposing party. A party making a Rule 60(b)(3) motion must establish by "clear and convincing evidence (1) 'that the adverse party engaged in fraud or other misconduct' and (2) 'that this misconduct prevented the moving party from fully and fairly presenting [her] case.'" *Nat'l City Golf Fin.*, 899 F.3d at 418-19 (quoting *Hesling*, 396 F.3d at 641). "Rule 60(b)(3) is not intended to correct those outcomes which may be factually incorrect, but rather to protect against a party prevailing by unfair means." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 497 (5th Cir. 1995) (citing *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1347 (5th Cir. 1988)).

In her motion, Mueblas-Curtis summarizes statements that she believes "appear inconsistent with contemporaneous evidence," P. Br. (ECF No. 57) at 14, but she does not support her summary with record citations. And even when this procedural defect is set aside, any potential inconsistencies created by the newly-identified "contemporaneous documentary evidence," *id.* at 13, which the court presumes refers to Morris' statement that "HMS purchased the food and American Airlines reconciled them," *id.* at Ex. N (some capitalization omitted), does not establish by clear and convincing evidence that American Airlines engaged in fraud or other misconduct. The court therefore declines to grant relief from the judgment under Rule 60(b)(3).

III

Mueblas-Curtis requests in the alternative an indicative ruling under Rule 62.1[3] "if th[e] Court concludes that it cannot presently grant Rule 60 relief because of the pending appeal." P. Br. (ECF No. 57) at 16. Because the pending appeal does not deprive the court of jurisdiction to deny Mueblas-Curtis' Rule 60(b) motion, and because the court has concluded that Mueblas-Curtis is not entitled to relief under Rule 60(b), it denies Mueblas-Curtis' alternative request for an indicative ruling under Rule 62.1.

* * *

Accordingly, for the reasons explained, the court denies Mueblas-Curtis' consolidated motion for relief from judgment under Rule 60(b)(2) and 60(b)(3), or, alternatively, for an indicative ruling under Rule 62.1.

**SO ORDERED**.

November 9, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE

---

[3]Rule 62.1(a) provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.